# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

# O R D E R

## LD-2024-0011, In the Matter of Kevin P. Chisholm, Esquire

On September 5, 2024, the Attorney Discipline Office (ADO) filed a petition for the summary suspension of Attorney Kevin P. Chisholm from the practice of law in New Hampshire. The ADO has alleged, among other claims of professional misconduct, that:

(1) Attorney Chisholm has routinely deposited retainers immediately into his operating account prior to fully earning the retainer, thereby commingling, mishandling, and, in at least one instance, misappropriating client funds in the amount of $6,000.

(2) Attorney Chisholm has admitted that he does not regularly utilize his client trust account and has acknowledged that he is not familiar with proper client trust accounting procedures.

(3) Attorney Chisholm knowingly submitted a false trust account compliance certificate for the reporting period covering June 1, 2022, through May 31, 2023.

(4) Attorney Chisholm has ceased responding to the ADO's requests for information and communications, has failed to communicate with some clients over an extended period of time, has failed to act diligently on his clients' behalf, has caused one client to suffer the loss of a settlement agreement and the dismissal of a divorce petition, and has failed to return a necessary file to a client.

(5) Attorney Chisholm's conduct violates Supreme Court Rule 50 and and Rules of Professional Conduct 1.1, 1.3, 1.4, 1.15, 1.16(d), 3.3, 8.1(b), and 8.4(a) and (c).

The ADO cites Supreme Court Rule 37(9-B)(a)(1) as grounds for suspending Attorney Chisholm summarily. Rule 37(9-B)(a)(1) authorizes summary suspension when an attorney "has engaged in serious misconduct which poses an immediate and substantial threat of serious harm to the public or the integrity of the legal profession." The term "serious misconduct" is defined by Rule 37(9-B)(b) as "any misconduct involving (1) mishandling or misappropriation of client or third party property or funds or (2) any other misconduct which by itself could result in a suspension or disbarment."

In his limited response to the petition, Attorney Chisholm assents to a summary suspension, but requests that its imposition be stayed to allow him to attend to certain client matters. Based on the information submitted by the ADO in its petition, to which Attorney Chisholm has not yet had a full opportunity to respond, the court finds that Attorney Chisholm "has engaged in serious misconduct which poses an immediate and substantial threat of serious harm to the public or the integrity of the legal profession." His summary suspension from the practice of law is therefore necessary to protect the public and to preserve the integrity of the legal profession. Accordingly, it is hereby ordered:

(1) In accordance with Rule 37(9-B), Attorney Kevin P. Chisholm is suspended from the practice of law in New Hampshire effective September 25, 2024, at 4:00 p.m., and pending further order of this court. Between now and September 25, 2024, at 4:00 p.m., Attorney Chisholm's practice of law shall be limited to a <u>single</u> matter (docket no. 464-2021-CR-00058), which he represents to be scheduled for a hearing on September 25, 2024.

(2) A copy of the petition for summary suspension and of this order shall be served on Attorney Chisholm by certified and first-class mail at the latest address that Attorney Chisholm provided to the New Hampshire Bar Association.

(3) On or before September 26, 2024, Attorney Chisholm may request a hearing on the issue of whether the summary suspension should be lifted. If a request is made, the hearing will be scheduled for October 7, 2024, or sooner. <u>See</u> Rule 37(9-B)(f).

(4) Attorney Chisholm is enjoined from further use of his IOLTA and operating accounts and is further enjoined from transferring, assigning, hypothecating, or in any manner disposing of or conveying any assets of clients, whether real, personal, beneficial or mixed.

(5) On or before September 26, 2024, Attorney Chisholm shall inform his clients in writing of his suspension from the practice of law and of his inability to act as an attorney, and shall advise them to seek other counsel. <u>See</u> Rule 37(13)(b). Attorney Chisholm shall file an affidavit on or before September 27, 2024, stating that he has complied with this requirement. <u>See</u> Rule 37(13)(d). A copy of the affidavit shall be sent to the ADO.

Pursuant to Rule 37(17), the court appoints Attorney Andrea Q. Labonte, ADO Assistant General Counsel, to take immediate possession of the client files

and trust and other fiduciary accounts of Attorney Chisholm, and to take the following actions:

(1) Attorney Labonte shall notify all banks and other entities where Attorney Chisholm has trust or fiduciary accounts and operating accounts of Attorney Chisholm's suspension from the practice of law and of Attorney Labonte's appointment by the court.

(2) Attorney Labonte shall, to the extent that she deems necessary, notify Attorney Chisholm's clients of his suspension, inform them of any scheduled hearings, advise them to obtain the services of other lawyers of their choice, and advise them how they or their new attorneys may obtain their files. Attorney Labonte shall not, however, undertake the representation of any of Attorney Chisholm's clients.

(3) Attorney Labonte shall, to the extent that she deems necessary, notify the courts in which any hearings are scheduled in the near future of Attorney Chisholm's suspension.

(4) Attorney Labonte shall prepare an inventory of Attorney Chisholm's client files and shall file a copy of the inventory with this court on or before November 4, 2024, together with a report of her actions taken under this order and recommendations as to what further actions should be taken.

(5) If Attorney Chisholm was in possession of any client funds or property, Attorney Labonte may file an appropriate motion requesting authority to distribute them.

Attorney Chisholm is ordered to cooperate with Attorney Labonte in performing the tasks as directed by the court. Pending further order of this court, Attorney Chisholm is assessed for all expenses that may be incurred by the ADO in the investigation and prosecution of this matter and in the performance of the tasks undertaken by Attorney Labonte.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

DATE: September 19, 2024

ATTEST:

**Timothy A. Gudas, Clerk**

Distribution:
Elizabeth M. Murphy, Esquire
Andrea Q. Labonte, Esquire
Kevin P. Chisholm, Esquire
File